UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHNSON COKER,** | Civil Action No. 13-0349 (FLW) |
| Petitioner, | |
| v. | OPINION |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

**WOLFSON, United States District Judge:**

## I. INTRODUCTION

Movant Johnson Coker (hereafter "Movant" or "Coker"), previously incarcerated at Limestone County Federal Detention Center, Groesbeck, Texas and Rivers Correctional Institution in Winton, North Carolina,[1] is proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion" or "§ 2255 Motion"). The Motion has been fully briefed and is ready for disposition. For the reasons explained in this Opinion, the Motion is dismissed with prejudice as untimely and no certificate of appealability shall issue.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

a. The Plea Agreement

The Court recounts only the facts necessary to this Opinion. On or about November 12, 2009, Coker and several co-conspirators were charged in a criminal complaint in the United States District Court, District of New Jersey, with conspiring to defraud the United States in

---

[1] The Federal Bureau of Prisons database indicates that Mr. Coker was released from federal prison on December 18, 2014. *See* Federal Bureau of Prison Inmate Locator, available at http://www.bop.gov/inmateloc/. Mr. Coker did not update the Court with his new address upon his release from federal prison.

1

violation of Title 18, United States Code, Section 286.  (*See* Criminal Docket for United States v. Coker, Crim. No. 11-46 (FLW) ("Docket Entry"), Entry 1.)  On or about February 1, 2011, pursuant to a written plea agreement between the United States and Coker (the "Plea Agreement"), Coker pled guilty to an Information that charged him with one count of conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 286. (*See* Plea Agreement, attached as Exhibit 2 to Respondent's Answer.)  The Plea Agreement also included a waiver provision under which Coker agreed to waive his right to file an appeal or collateral attack of his sentence if it was within or below the Guideline range that resulted from a total offense level of 25, and the Government was similarly precluded from challenging the sentence if it fell within or above the Guideline range that resulted from a total offense level of 25.[2]  (*See* Exhibit 2, to Respondent's Answer, Page 7, Para. 11.)

After determining that Coker's total offense level was 25 and that he was a Criminal History Category II, the Court sentenced Coker to 70 months of imprisonment, and a term of supervised release of 3 years.  The Court also ordered Coker to pay $976,303.22 in restitution. (See Exhibit 3 to Respondent's Answer 108, 137-139.)  Coker did not file an appeal.

b.  **Coker's 2255 Motion**

Coker submitted a motion under §2255 to vacate, set aside or correct sentence ("§ 2255 Motion"), dated January 10, 2013, which was filed with the Court on January 18, 2013 and initially assigned to the Honorable Peter G. Sheridan.  (*See* ECF No. 1.)  In the Motion, Coker contended that his counsel was ineffective for failing to challenge two aspects of his sentence: (1) the Court's criminal history calculation, and (2) the Court's loss amount determination.  (ECF

---

[2] The Plea Agreement also set forth certain stipulations between the parties relating to the United States Sentencing Guidelines (the "Guidelines"), including that the applicable loss amount under U.S.S.G. § 2B1.1(b)(1)(j) was "more than $2,500,000,but less than $7,000,000." (*See* Exhibit 2 to Respondent's Answer, Page 6, Para. 3.)

2

No. 1, Pet. at 4-5.) He sought a one-point reduction to his criminal history, which would place him in a criminal history category I, as well as a two-level reduction to his Guidelines Offense Level calculation. *See id.*

In the section of the Motion form entitled "Timeliness of Motion," Coker acknowledged that the Motion was untimely as his judgment of conviction became final more than a year prior to his submission of the Motion. He asked the Court to "enlarge the due date" until January 30, 2013, and provided the following additional explanation:

> 1. I was sentenced July 25, 2011, to seventy months for the aforementioned criminal cause.
> 2. I was transferred to Limestone in [sic] October 11, 2011 to begin my federal sentence.
> 3. I was transferred back to Mercer County on [sic] June 2012 for the state case.
> 4. I was brought back to my Federal Prison Limestone on December 1, 2012.
> 5. I did not have any legal materials available to me at the state county jail so I am requesting an extension from the court to allow me to file my [§] 2255 [motion].
> 6. I am proceeding pro se and I have to rely on the assistance of my fellow prisoners. It is respectfully requested that this Court enlarge the due date in which movant is required to file this form until January 30, 2013.

(*See id.* at 13.)

The Court, by Notice and Order dated March 18, 2013 (the "Notice and Order"), and pursuant to the decision of the Court of Appeals for the Third Circuit in *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), advised Coker that he could have the pleading ruled upon as filed and, if he did, he would not be able to raise additional claims in another pleading, absent certification from the Court of Appeals, or he could withdraw the pleading and file an all-inclusive § 2255 petition within the one-year period described by the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255. (ECF No. 3.) The Notice and

Order required Coker to advise the Court of his decision within 45 days. (*Id.*)  Coker did not reply to the Court's Order.

On March 19, 2013, the case was reassigned to the undersigned.  (ECF No. 4.) On February 27, 2014, the Court ordered the Government to file its Answer, and after receiving several extensions of time, the Government filed its Answer on June 23, 2014. (ECF No. 10.)  In its Answer, the Government first argued that Coker's § 2255 Motion should be denied because he waived the right to file a § 2255 motion in his Plea Agreement.  The Government next argued that Coker's Motion should be dismissed as untimely because it was brought nearly five months after the limitations period expired.  (ECF No. 10, Answer at 7.)  The Government also addressed the merits of Coker's § 2255 Motion, arguing (1) that Coker's claims of ineffective assistance of counsel were without merit, (2) that he is precluded from bringing raising the sentencing arguments in his § 2255 Motion because he failed to file a direct appeal, and (3) that no evidentiary hearing is required under the facts presented.  (ECF No. 10, at 7-14.)

Although the Court's Order to Answer permitted Coker, as the Movant, to file a reply within 45 days of his receipt of the Government's Answer (ECF No. 7), Coker did not file a reply or otherwise respond to the Government's arguments.[3]

### III.   ANALYSIS

#### a.   Coker's § 2255 Motion is Untimely

Here, the threshold issue before the Court is whether Coker's § 2255 motion is untimely under the one-year limitations period prescribed by the Anti–Terrorism and Effective Death

---

[3] There is nothing to indicate that Movant did not receive Respondent's Answer. In that regard, the Court notes that Coker submitted a notice of change of address on May 7, 2013 indicating that he had been transferred to Rivers Correctional Institution, in Winton, NC. Respondent's Answer was served on Movant at River Correctional Institution, and it appears, pursuant to the Bureau of Prisons database, that Coker remained in federal custody until after briefing in this matter was completed.

Penalty Act of 1996 ("AEDPA").  Pursuant to 28 U.S.C. § 2255(f), "[a] 1–year period of limitation shall apply to a motion under this section." *See id.*   The limitation period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see also* 28 U.S.C. § 2244(d)(1).

As explained by the Third Circuit in *Kapral v. U.S.*, 166 F.3d 565, 577, 570-71 (3d Cir. 1999), a "judgment of conviction becomes 'final' within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires. *See Clay v. U.S.*, 537 U.S. 522, 527 (2003) (citations omitted) (holding that a federal criminal conviction becomes "final," within the meaning of § 2255(f)(1), when the United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." *Kapral*, 166 F.3d at 577 ("If a defendant does

5

not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the [§ 2255] statute of limitation begins to run, on the date on which the time for filing such an appeal expired.").

In this case, Coker did not file an appeal, and his conviction became final when his time to appeal expired under the Federal Rules of Appellate Procedure – *i.e.*, 14 days after the entry of judgment in the district court. *Kapral*, 166 F.3d at 577; *Nelson v. United States*, No. CIV.A. 12-5265 FLW, 2013 WL 2182602, at *2 (D.N.J. May 20, 2013) (citing Fed. R. App. P. 4(b)(1) ("In a criminal case, a defendant's notice of appeal must be filed ... within 14 days after ... the entry of either the judgment [being] appealed"); *Doyle v. United States*, No. CIV.A. 13-5284 RMB, 2013 WL 5521578, at *1 (D.N.J. Oct. 3, 2013) (same).

Here, Coker's judgment of conviction was entered on July 25, 2011. Because Coker did not appeal, his conviction became final when the time for filing of a notice of appeal expired on August 8, 2011. As such, to be considered timely, Coker's § 2255 Motion should have been handed to prison officials for filing by August 8, 2012. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.") (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Coker's § 2255 Motion is dated January 10, 2013 and was filed on January 18, 2013. As such, the Motion is untimely by five months.

### b. Equitable Tolling Analysis

That is not the end of the matter, however, as the statute of limitations is subject to certain equitable considerations. Courts have recognized that the statute of limitations may be equitably tolled where extraordinary circumstances so warrant. *See United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013); *see also Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618

(3d Cir. 1998) (holding that AEDPA's one year limitation period may be equitably tolled).  As explained by the Third Circuit in *Thomas*, "the Supreme Court has instructed that equity permits extending the statutory time limit when a defendant shows that (1) 'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 174 (citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562–63, 177 L.Ed.2d 130 (2010)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Mere excusable neglect is insufficient. *Id.* (citing *Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002)).

     There are no bright-line rules for determining when extra time should be permitted in a particular case.  *Thomas*, 713 F.3d at 174 (citing *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012)).  Rather, the unique circumstances of each defendant seeking § 2255 relief must be taken into account. *Id.* (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair.  *Id.* (citing *Pabon*, 654 F.3d at 399).  Similarly, courts "should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the 'principles of equity would make the rigid application of a limitation period unfair.'" *Id.* (quoting *Miller*, 145 F.3d at 618).

     Here, the earliest date on which Coker's § 2255 Motion could be deemed filed is January 10, 2013, the date he signed the motion papers.  That date, however, is more than five months after the limitation period expired.  In his Motion, Coker responded to the "Timeliness of Motion" question by belatedly requesting a nearly six-month extension of time to file his § 2255 Motion.  Coker claimed that he needed additional time to file his Motion because he had been transferred from Limestone County Detention Center in Groesbeck, Texas, to Mercer County

7

Correctional Center in June 2012, approximately two months before his one-year limitations period expired, and did not return to Limestone until December 1, 2012, several months after the limitations period expired.  Coker further states that he "did not have any legal materials available to [him] at the state county jail" and that he needed to rely on the assistance of his fellow prisoners in order to file his Motion. (ECF No. 1, Pet. at 13.)  The Court's equitable tolling analysis is guided by the Third Circuit's decision in *United States v. Thomas*, 713 F.3d 165 (3d Cir. 2013).  There, Thomas, a federal prisoner, was temporarily transferred to state custody on several occasions to answer charges that he murdered his wife.  713 F.3d at 167.  As in this case, the transfers and state court proceedings occurred during the time in which he could have filed his motion to vacate, set aside or modify his federal sentence in the District Court. On May 24, 2010, approximately three weeks <u>before</u> the deadline for filing his § 2255 motion, he filed a *pro se* motion for a 120 day extension of time, arguing that the extension was warranted because he was in state custody without access to legal materials needed to prepare his motion for 120 days during the one year limitations period.  Of the 120 days spent in state custody, 80 occurred near end of the limitations period.  *See id.* However, he was returned to federal custody on May, 6, 2010 and had until June 15, to file his § 2255 motion.  *See id.* at 167, 174.  The District Court denied Thomas' motion, and he appealed without filing the § 2255 motion.

After determining that the District Court had jurisdiction to rule on Thomas' motion prior to his filing of a § 2255 motion, the Court found that "Thomas failed to show that he diligently pursued his rights and that he was beleaguered by extraordinary circumstances." *Id.* at 174.  The Court went on to explain:

> Although temporarily transferred to state custody, Thomas was in federal custody with access to legal materials for approximately

8

>nine months, including almost seven weeks leading up to the expiration of his limitations period. Thomas provides no support for a finding that he was diligent, nor does he explain the necessity of the materials he claims he was deprived of. *See Robinson v. Johnson*, 313 F.3d [128,] 143 [(3d Cir. 2002)] ("deprivation of legal material for a relatively brief time period is not sufficient to warrant tolling"). Although his transfer to state custody may have made it more difficult to file a timely § 2255 motion, increased difficulty does not, by itself, satisfy the required showing of extraordinary circumstances. *Cf. Munchinski v. Wilson*, 694 F.3d 308, 329–30 (3d Cir. 2012); *Pabon [v. Mahanoy]*, 654 F.3d [385,] 399–400 [(3d Cir. 2011) (holding that "equitable tolling might be warranted when a non-English speaking petitioner could not comply with AEDPA's statute of limitations because the prison did not provide access to AEDPA-related materials, translation, or legal assistance in his or her language."); *Valverde v. Stinson*, 224 F.3d 129 (2d Cir.2000) (remanding case to district court for further factual development on extraordinary circumstances where defendant alleged that corrections officer intentionally confiscated his pro se habeas petition and related legal materials shortly before filing deadline). Accordingly, the District Court did not err in denying Thomas' motion for an extension of time to file a § 2255 motion.

*Thomas*, 713 F.3d at 174-75 (finding that permitting Thomas to file his § 2255 motion on remand would be futile because that motion would be clearly denied as untimely).

The Court finds that Coker's arguments for equitable tolling are foreclosed by the Third Circuit's decision in *Thomas*, where the Court found no equitable tolling. Unlike Thomas, Coker did not file a motion to extend time <u>prior to</u> the expiration of the limitations period; rather, he submitted an untimely § 2255 motion five months <u>after</u> the applicable limitations period expired and more than a month after he returned to federal custody. Coker has offered no explanation in his § 2255 motion papers for why he could not have written to the Court and asked for the extension of time <u>before</u> the limitations period expired. Moreover, like Thomas, who was in federal custody for nine months of the twelve month limitations period, Coker provides no facts to suggest that he was in any way diligent during the one-year limitations period, and, in particular, during the first ten months of the limitations period, when he was not in state custody

at Mercer County Correctional Facility.  Although Coker suggests that his transfer to state custody near the end of the limitations period made it difficult for him to file his Motion on time, the Third Circuit has made clear in *Thomas* that difficulties of prison life, such as transfers, do not, standing alone, establish the type of extraordinary circumstances that would warrant equitable tolling.  Like Thomas, Coker also states that he was deprived of unspecified "legal materials" during the portion of the limitations period when he was in state custody, but that period amounts to approximately two months of the twelve-month limitations period, and he does not explain how the deprivation of these materials prevented him from filing his Motion or seeking an extension.  *See Thomas*, 713 F.3d at 174-75; *Robinson*, 313 F.3d at 143 ("deprivation of legal material for a relatively brief time period is not sufficient to warrant tolling").  Finally, Coker contends that he needed to rely on other (presumably federal) prisoners to prepare his § 2255 motion, but again fails to explain why he could not obtain such assistance from federal prisoners while he was in federal custody at Limestone Detention Center in the months prior to his transfer to state custody.  For all these reasons, the Court finds that Coker cannot meet the requirements for equitable tolling, and his belated extension request is denied.

Having found that Coker cannot meet the requirements for equitable tolling, the Court dismisses the Petition with prejudice as untimely.

   c. The Court Denies a Certificate of Appealability

When a district court denies a habeas petition on procedural grounds, a Certificate of Appealability ("COA") is only appropriate if (1) "jurists of reason ... could conclude the [constitutional] issues presented are adequate to deserve encouragement to proceed further," *Perry v. Diguglielmo*, 169 F. App'x 134, 136 (3d Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)), and (2) "jurists of reason would find it debatable whether the district court

was correct in its procedural ruling," *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). Here, the Court's procedural ruling is not debatable in light of *Thomas*, 713 F.3d at 174, and, as such, no certificate of appealability shall issue.

VI.     **CONCLUSION**

For the reasons expressed in the foregoing Opinion, the Court dismisses Coker's § 2255 Motion as untimely and declines to issue a certificate of appealability.  An appropriate Order follows.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Date: January 26, 2016